**DOVE et ux. v. DAVIS.**

Circuit Court of Appeals, Fifth Circuit.
April 16, 1928.

No. 5251.

**Bankruptcy ⚖➤191(1)—Lessor of bankrupt held, under terms of lease, entitled to lien for one month's rent after month of default; "rental period then next ensuing."**

Under lease of a building to bankrupt for a term of five years at a monthly rental payable each month in advance, and providing that on default "the entire rent for the rental period then next ensuing" should become due, and lessor should have a lien therefor, lessor *held* entitled to claim, and to a lien for, one month's rent after the month of default, and not for rent for the entire unexpired term.

Appeal from the District Court of the United States for the Southern District of Florida; Henry D. Clayton, Judge.

C. E. Dove and Nettie H. Dove, his wife, appeal from an order denying in part their claim for rent against E. N. Davis, trustee in bankruptcy. Affirmed.

John Ziegler, of West Palm Beach, Fla., for appellants.

Charles H. Warwick, Jr., of West Palm Beach, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants executed a lease on their building for a term of five years, reserving a monthly rental of $1,000. The lease contained provisions to the effect that the rent should be paid monthly in advance, that in case of default in the payment thereof "the entire rent for the rental period then next ensuing" should immediately become due, and that the lessor should have a lien therefor on all fixtures, goods, and chattels on the leased premises. The lessee defaulted, after making payments amounting to $17,500 on account of rent, and was adjudged a bankrupt. This appeal is taken from an order rejecting proof by the lessors of claim of lien for a balance of $42,500 as rent due for the whole unexpired term of the lease, but which recognized and allowed a claim and lien for the month's rent next ensuing after the lessee's default.

We are of opinion that the order appealed

from is correct. Rent was payable by the month, and the only rental period mentioned in the lease was the monthly period. The lease, by providing for a lien "for the rental period then next ensuing," protected the lessors for a full extra month beyond the then current month. The language used cannot fairly be construed as attempting to confer a lien for the unexpired term of the lease.

The order of the District Court is affirmed.